IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TINIKA WARREN,                )
                              )
            Plaintiff,        )
                              )
     v.                       )     1:13CV1145
                              )
LETITIA McGEOUGH,             )
SUSAN BRAY, and               )
GARY SCALES                   )
                              )
            Defendants.       )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Defendant Letitia McGeough's motion to dismiss the complaint. (Docket Entry 13.) The motion has been briefed by Defendant and the matter is ripe for disposition. For the reasons that follow, the undersigned recommends that Defendant's motion be granted, and that this action be dismissed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 23, 2013, Plaintiff Tinika Warren filed her complaint in this Court against Letitia McGeough, Gary Scales, and Judge Susan Bray, alleging violations of her civil rights pursuant to various federal statutes, seeking damages in the amount of $1,000,000. (*See* Compl., Docket Entry 2.)

According to the complaint and attachments thereto, this action arises from state district court proceedings involving Plaintiff, specifically child support and custody proceedings, and a domestic violence protective order proceeding, or "50B" proceeding. It

appears undisputed that Defendant McGeough,[1] an attorney at Legal Aid of North Carolina, represented Defendant Scales' and Plaintiff's minor son in the state court proceedings. (*See* Def.'s Mem. at 1, Docket Entry 14.)

Plaintiff alleges that Defendant:

1) Violated my parental rights, ignored me when I told her that I am the only one that has rights to make legal decisions for my minor child (15) yr old [minor son's name].
2) The lawyer gave "false statements" to the court to obtain an illegal 50B. And harassed me inside the courthouse in the Clerk's office by chasing me around saying I'm a take your son.
3) Defamation of character: In her court documents she put me as the plaintiff for a "custody motion" that she submitted.
4) Worked outside her jurisdiction.
5) Misconduct.
6) Deprived me of my rights as a "legal parent."
7) These actions cause stress to me & [second minor child's name] and our relationships with [minor child's name].
8) She coerced [minor child's name] (minor) what to say.

(Compl. at 2, Docket Entry 2.) These allegations, for the most part, appear to be directed at Defendant; there are no specific allegations in the complaint referring to Defendant Bray or Defendant Scales. (*See id.* at 1-4.)

Plaintiff filed several documents as attachments to the complaint, including: the Memorandum and Recommendation of U.S. Magistrate Judge William Webb transferring the action from the Eastern District of North Carolina to the Middle District (Docket Entry 2-1 at 1-4); a series of letters from Plaintiff to the N.C. State Bar, "District Attorney Robert

---

[1] Unless otherwise noted, when using the term "Defendant" in this recommendation, the Court is referring to Defendant McGeough.

2

James," Judge Wendy Enoch, and other unidentified recipients in which Plaintiff complains about the earlier state court proceedings involving Plaintiff's minor son (Docket Entry 2-1 at 5-14); a copy of a Georgia statute relating to the process for legitimizing a parent-child relationship under Georgia law (Docket Entry 2-2); a document titled "Reasons for MOTION FEDERAL CIVIL MOTION" which also references the earlier North Carolina state court proceedings involving Plaintiff's minor son (Docket Entry 2-3); and an untitled document that appears to lay out claims under North Carolina state law. (Docket Entry 2-4.)

This action appears to be nearly identical to at least one other action filed by Plaintiff in this district. *See Warren v. McGeough*, Civil Action No. 1:13-cv-1144 (M.D.N.C, filed Dec. 23, 2014). In this prior case, Judge Bray was dismissed by Order of the district court on August 5, 2014. (*Id.*, Docket Entry 27.) Additionally, the undersigned recently recommended that the action in the prior case be dismissed as to Defendants McGeough and Scales. (*See id.*, Docket Entry 33, Memorandum Opinion and Recommendation, April 16, 2015, Webster, J..)[2]

## II. DISCUSSION

Defendant McGeough moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). (Docket Entry 13.)

---

[2] The Court also notes that Plaintiff filed yet another case against only Defendant Gary Scales based on the same basic facts underlying the two other cases. *See Warren v. Scales*, Case No. 1:13-cv-1146 (M.D.N.C., filed Dec. 23, 2013). By Order filed April 21, 2015, this action was dismissed *sua sponte* without prejudice based on Plaintiff's failure to serve Defendant Scales within 120 days of filing her complaint. (*Id.*, Docket Entry 7.)

3

### A. Plaintiff has Not Responded to the Motion to Dismiss

Plaintiff has not filed a response to Defendant's motion to dismiss and therefore the motion should be granted pursuant to this Court's local rules. "The respondent, if opposing a motion, shall file a response, including brief, within 21 days after service of the motion." M.D.N.C. R. 7.3(f). "If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." M.D.N.C. R. 7.3(k); *see, e.g., Simpson v. Hassen*, No. 1:08CV455, 2014 WL 3547023, at *1-2 (M.D.N.C. July 16, 2014) (recommending dismissal for failure to respond to a motion to dismiss), *adopted by* Order, Mar. 18, 2015, ECF No.72 (Tilley, J.). Defendant's motion to dismiss was filed on September 12, 2014. To date, Plaintiff has not filed a response. Plaintiff's *pro se* status does not excuse her inaction. *See Simpson*, 2014 WL 3547023 at *1 n. 4. Therefore, pursuant to the rules of this Court, the motion to dismiss should be granted as uncontested.

If the motion were not resolved by virtue of this Court's local rules, the undersigned would still recommend that the motion be granted under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim, and 12(b)(1) for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.[3] *See* Memorandum Opinion and Recommendation

---

[3] Plaintiff has also failed to prosecute the matter as to Defendant Scales. Defendant Scales has not been properly served in this matter. (*See* Return of Service Unexecuted, Docket Entry 18.) A plaintiff is required to serve a defendant within 120 days after a complaint is filed with the court. Fed. R. Civ. P. 4(m). The complaint in this action was filed on December 23, 2013. (Compl. at 1, Docket Entry 2). Service was not attempted until Aug. 19, 2014, 249 days after the complaint was filed. (*See* Return of Service Unexecuted at 1, Docket Entry 18.) Therefore, Plaintiff failed to serve Defendant Scales within the time allotted by the Federal Rules of Civil Procedure, warranting dismissal of this action as to Defendant Scales.

4

of United States Magistrate Judge, *Warren v. Bray*, No. 1:13CV1144 (M.D.N.C. April 16, 2015).

### B. This Court Lacks Subject Matter Jurisdiction to Adjudicate Plaintiff's Claims

This Court does not have subject matter jurisdiction to adjudicate any part of Plaintiff's claim by virtue of what has become known as the *Rooker-Feldman* doctrine. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Subject matter jurisdiction is both a Constitutional and statutory requirement which restricts federal judicial power to a limited set of cases and controversies. Thus, "no action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may . . . be raise *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

The *Rooker-Feldman* doctrine applies where a federal litigant seeks to review or overturn a state court order in federal district court. *Exxon Mobil Corp. v. Saudi Basic Inds. Corp.*, 544 U.S. 280, 281 (2005). "Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Phyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). The *Rooker-Feldman* doctrine prevents a federal court from determining that a state court judgment was erroneously entered or taking action that would render a state court judgment ineffectual.

5

*Jordhal v. Democratice Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (citing *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997)). The doctrine bars federal courts from addressing issues that are "'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). An issue is "inextricably intertwined" with those before the state court if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Plyler*, 129 F.3d at 731 (internal quotation marks and citations omitted).

The *Rooker-Feldman* doctrine is a "narrow doctrine." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam). In *Exxon*, the Supreme Court limited the doctrine "to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. The relief sought in federal court must "reverse or modify the state court decree" for the doctrine to apply. *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (internal quotation marks omitted). Accordingly, "*Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If [the state-court loser] is not challenging the state-court decision, the *Rooker-Feldman* doctrine does not apply." *Davani v. Va. Dep't. of Transp.*, 434 F.3d 712, 718 (4th Cir. 2006) (footnote omitted).

This Court may raise issues of subject-matter jurisdiction *sua sponte*. *See Brickwood Contractors, Inc.*, 369 F.3d at 390. While it is difficult to discern the exact nature of Plaintiff's

claims against Defendants, it appears that they are based on an alleged conspiracy among Defendant Bray, who presided in the state court proceeding, Defendant Scales, and Defendant McGeough, who represented Mr. Scales, to terminate Plaintiff's parental rights. In one of the attachments to the complaint, Plaintiff appears to take issue with the finding of the state court to remove her child from her home, and states that she "want[s] all parties sued for kidnapping and participating in the abduction of my son alienating him from me & my daughter." (Docket Entry 2-3 at 2.) In another attachment, she asserts that "[t]he father must apply for custody in our home state[4] that has personal jurisdiction over the two of us [minor child's name] and Tinika Warren." (Docket Entry 2-4 at 1.)

Plaintiff clearly "seeks redress for an injury caused by [a] state-court decision." *See Davani*, 434 F.3d at 719. Moreover, Plaintiff specifically seeks to recover damages from Defendants resulting from the termination of parental rights by the state court. (Compl. at 2-4, Docket Entry 2.) Such relief is "inextricably intertwined" with the state court decision, in that it would require this Court to reconsider prior state court decisions to determine whether they were properly decided. *See Dye v. Hatfield*, No. Civ.1:03CV01077, 2004 WL 3266029, at *5 (M.D.N.C. Aug. 26, 2004). As in *Dye*, a ruling in favor of Plaintiff "would necessarily require this court to find that the North Carolina state courts either wrongfully decided certain issues before them or improperly entered orders and judgments against Plaintiff [ ] in civil . . . matters related to Plaintiff's domestic dispute." *Id.* "Furthermore, federal courts typically avoid decisions in matters related to divorce, child support and child custody because these matters traditionally fall within the jurisdiction of state courts." *Id.*

---

[4] Plaintiff is a resident of Georgia.

Because Plaintiff's claims are inextricably intertwined with the decision of the North Carolina state court related to Plaintiff's domestic dispute with Defendant Scales, this court lacks subject matter jurisdiction to adjudicate any of Plaintiff's federal claims under the *Rooker-Feldman* doctrine.[5]

### III. CONCLUSION

For the reasons stated above, the Court finds that it lacks jurisdiction to adjudicate this matter. Accordingly, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (Docket Entry 13) be **GRANTED**. Additionally, because this Court lacks subject-matter jurisdiction to adjudicate any of Plaintiff's claims, the Court recommends that the action be dismissed in its entirety.

_____
Joe. L. Webster
United States Magistrate Judge

Durham, North Carolina
April 24, 2015

---

[5] While not necessary to the recommendation of dismissal, the Court notes as well Defendant's arguments regarding Plaintiff's failure to effect proper service of the summons and complaint in this matter. (*See* Def.'s Mem. Supp. Mot. to Dismiss at 9 – 12, Docket Entry 14, *citing* Fed. R. Civ. P. 12(b)(1), 12(b)(4) and 12(b)(5)). These arguments have merit and on their own would be grounds for dismissal.